# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Victor B. Perkins,                                            Case No. 22-cv-1624 (KMM/BRT)

        Plaintiff,

v.                                                            **ORDER**

Jack Daniels, Chief Psychiatrist; and
Dionne Hart, Staff Psychiatrist,

        Defendants.

Plaintiff Victor B. Perkins commenced this action on June 21, 2022 by filing a Complaint and an application to proceed without paying fees or costs, also known as an application to proceed *in forma pauperis*. [Compl., ECF No. 1; IFP Application, ECF No. 2]. On June 30, 2022, Magistrate Judge Becky R. Thorson recommended dismissing the Complaint for failure to state a claim and denying the IFP application. [R&R, ECF No. 3]. Mr. Perkins timely objected to that report and recommendation ("R&R"). [Obj. to R&R, ECF No. 4]. The Court reviews de novo any portion of the R&R to which specific objections are made. 28 U.S.C. § 636(b)(1); D. Minn. LR 72.2(b). In the absence of objections, the Court reviews the R&R for clear error. *Nur v. Olmsted Cnty.*, 563 F. Supp. 3d 946, 949 (D. Minn. 2021) (citing Fed. R. Civ. P. 72(b) and *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (per curiam)). District court judges "may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Because Mr. Perkins is self-represented, his objections are entitled to a liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Applying these standards, the Court concludes that the Magistrate Judge's R&R contains no error, clear or otherwise.

Mr. Perkins, a federal civil detainee, alleges that government officials violated his constitutional rights when they forced him to ingest psychotropic medications and ignored his reports of adverse

1

side effects. [*See generally* Compl., ECF No. 1; *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971)].

Mr. Perkins seeks ten million dollars in compensation. [Compl., ECF No. 1]. Magistrate Judge

Thorson reviewed Mr. Perkins's IFP application and concluded that he qualified financially for IFP

status. However, the law requires denial of the IFP application and dismissal of the action if the IFP

applicant files a complaint that fails to state a claim on which relief may be granted. *See* 28 U.S.C. §

1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam). Magistrate Judge

Thorson identified two substantial problems with Mr. Perkin's Complaint in the R&R.

First, Mr. Perkins brought substantially identical claims for relief on substantially identical

factual grounds in a separate matter that recently concluded in this District. The allegations and claims

previously raised by Mr. Perkins were summarized by the court in that matter as follows:

> [Mr. Perkins] names two defendants:   Jack Daniels, FMCRochester's "chief
> psychiatrist," and Dionne Hart, a "staff psychiatrist."  Plaintiff alleges that since 2010,
> Defendants have wrongfully forced him to take prolixin, a psychotropic drug. He
> claims that the drug causes him high blood pressure, body shaking, "constant"
> drooling, nosebleeds, and depression. He further contends that Defendants are forcing
> him to take prolixin without a court order, thus violating his constitutional rights. He
> alleges that Dr. Hart ordered FMCRochester staff to give him prolixin, and that Dr.
> Daniels supported these orders. Plaintiff suggests that he has claims under the Due
> Process Clauses of the Fifth and Fourteenth Amendments. As relief, he seeks no
> injunctive relief, but requests $10 million in damages.

*Perkins v. Daniels*, No. 19-CV-2663 (SRN/ECW), 2021 WL 3476710, at *6 (D. Minn. Apr. 12, 2021)

(internal citations omitted), report and recommendation adopted as modified by 2021 WL 2981286

(D. Minn. July 15, 2021). Aside from one minor and immaterial difference, this summary applies with

equal force to Mr. Perkins's current pleading. Mr. Perkins now alleges that the exact same defendants

committed the exact same conduct, with the exact same consequences resulting, and he seeks the exact

same remedy of $10 million in damages. Mr. Perkins's claims in the other matter were dismissed with

prejudice because no remedy was available to him under *Bivens*. *See Perkins*, 2021 WL 2981286, at *2

(modifying judgment to be with prejudice). Therefore, Magistrate Judge Thorson concluded that the

judgment in that matter has preclusive effect.

CASE 0:22-cv-01624-KMM-TNL   Doc. 6   Filed 11/21/22   Page 3 of 4

Second, even if res judicata did bar Mr. Perkins's claims, the R&R explains that Mr. Perkins has failed to state a claim on which relief may be granted for the same substantive reasons that his claims were previously dismissed. Magistrate Judge Thorson further recommended that this matter be dismissed with prejudice because amendment of the Complaint would be futile, and because the same claims raised by Mr. Perkins have already been dismissed with prejudice.

Mr. Perkins's Objection to the R&R contends that Magistrate Judge Thorson inappropriately applied the doctrine of res judicata. Mr. Perkins asserts that two conditions of the doctrine are not met, and therefore, it does not require dismissal of his complaint. Mr. Perkins does not state what the two conditions entail.

"In applying the Eighth Circuit test for whether the doctrine of res judicata bars litigation of a claim, we examine whether (1) a court of competent jurisdiction rendered the prior judgment, (2) the prior judgment was a final judgment on the merits, and (3) both cases involved the same cause of action and the same parties." *Canady v. Allstate Ins. Co.*, 282 F.3d 1005, 1014 (8th Cir. 2002), abrogated on other grounds by *Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28 (2002). Each of these conditions is met here. A court of competent jurisdiction —this court — rendered the prior judgment. That judgment was entered with prejudice and on the merits of Mr. Perkins's *Bivens* claims. And the same parties to that action — Mr. Perkins on the one hand, Daniels and Hart on the other hand — are parties again to this action. The doctrine of res judicata squarely forecloses Mr. Perkins from relitigating his claims. In addition, this Court has little to add to the extensive analysis in the prior litigation explaining that *Bivens* and its progeny do not provide a remedy for the claims presented by Mr. Perkins in that lawsuit — or, by extension, in this duplicative lawsuit. *See Perkins*, 2021 WL 3476710, at *9–11.

Accordingly, **IT IS HEREBY ORDERED that:**

1.     Mr. Perkins's Objections to the Report and Recommendation [ECF No. 4] are **OVERRULED**;

2.     The Magistrate Judge's Report and Recommendation [ECF No. 3] is **ACCEPTED**;

3.     The application to proceed *in forma pauperis* [ECF No. 2] is **DENIED**;

4.     This matter is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B).

**Let Judgment be Entered Accordingly.**

Date: November 21, 2022

        *s/Katherine Menendez*
        Katherine Menendez
        United States District Judge