# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Victor B. Perkins, | Case No. 22-cv-1624 (KMM/TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| Jack Daniels, and Dionne Hart, | |
| Defendants. | |

This matter is before the Court on Plaintiff Victor Perkins' application to proceed *in forma pauperis* ("IFP") on appeal and his motion to proceed without prepayment. [ECF No. 10, 11]. The Court also addresses Mr. Perkins' motion with the following caption: "Motion for a Procedural Default Due to the Failure and/or Neglect to Respond to Civil Action Litigation Pursuant to Rule(s) 12, 54(c) and 55(b)(2) of the Federal Rules of Civil Procedure." [ECF No. 8 (hereafter "the post-judgment motion")]. On November 21, 2022, 2022, the Court adopted the Report and Recommendation of Magistrate Judge Becky R. Thorson and dismissed this case with prejudice. [ECF No. 6]. Mr. Perkins seeks to appeal that dismissal and to do so without paying the $500 appellate filing fee.

Under 28 U.S.C. § 1915, this Court may authorize a party to proceed without prepayment of fees, costs, or security, on the affidavit of the party testifying that he is unable to pay such costs, describing the nature of the appeal and his belief that he is entitled to redress. According to this statute, which is part of the Prison Litigation Reform Act of 1995 ("PLRA"), prisoners who are granted IFP status are not excused from paying

the court filing fee altogether, as is the case for non-prisoner IFP litigants. Instead, a prisoner who is granted IFP status is merely granted permission to pay the filing fee in installments, rather than paying the entire amount in advance. *Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998) ("The purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time.").

Based on a review of Mr. Perkins' filings, it appears he may be entitled to IFP status on appeal. However, the Court must first calculate Mr. Perkins' initial partial filing fee. *Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997). Mr. Perkins has not submitted a certified copy of the trust fund account statement for the 6-month period immediately preceding the filing of the notice of appeal. 28 U.S.C. § 1915(a)(2) (requiring a prisoner who applies to proceed IFP to submit a certified copy of the trust fund account statement "obtained from the appropriate official of each prison at which the prisoner is or was confined"). According to *Henderson*, "[i]f the district court does not receive a certified copy of the prisoner's account within 30 days of the notice of appeal, it shall calculate the initial appellate filing fee at $35 or such other reasonable amount warranted by available information." 129 F.3d at 485.

The Court received Mr. Perkins' notice of appeal and application for IFP status on appeal on December 2, 2022. Accordingly, Mr. Perkins must submit a certified copy of his prison trust account statement for the 6-month period immediately preceding December 2, 2022. Mr. Perkins must file the certified copy of the trust account statement

within 30 days of the date of this Order. If no certified copy of Mr. Perkins' trust account statement is received within the 30-day period, the Court will calculate the initial partial appellate filing fee, as required by *Henderson*, at $35 or another reasonable amount warranted by the available information.

Accordingly, **IT IS HEREBY ORDERED that within 21 days of the date of this Order**, Mr. Perkins shall file a certified copy of his prison trust account statement for the 6-month period immediately prior to December 2, 2022. **IT IS FURTHER ORDERED that** the Clerk of Court shall send Mr. Perkins a copy of the form "Motion and Affidavit for Permission to Appeal In Forma Pauperis," including the "Certificate of Authorized Prison Official," which are available on the District's website.

Finally, the Court has reviewed the post-judgment motion filed by Mr. Perkins. Judgment was entered in this matter on November 22, 2022. The Court finds that Mr. Perkins has not shown any basis to obtain relief from the Judgment. *See* Fed. R. Civ. P. 59(e); Fed. R. Civ. P. 60. Nor does the post-judgment motion establish any other basis for relief. Accordingly, the motion [ECF No. 8] is **DENIED**.

Date: December 21, 2022            *s/ Katherine M. Menendez*
                                                            Katherine M. Menendez
                                                            United States District Judge